UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re Subpoena in<br>MICHAL GRYGO, *et al.*,<br>c/o Attorney Amy S. Gurgle,<br>1919 M Street, NW – Suite 350<br>Washington, DC 20036,<br><br>          Plaintiff,<br><br>v.<br><br>GUEST SERVICES<br>1015 15th Street, NW<br>Suite 1000<br>Washington, DC 20002,<br><br>          Defendant. | Case: 1:17-mc-02168<br>Assigned To : Jackson, Ketanji Brown<br>Assign. Date : 8/31/2017<br>Description: Misc. |

## NOTICE OF REMOVAL OF A SUBPOENA MATTER

The United States Attorney, through the undersigned counsel, respectfully files this Notice of Removal of Subpoena pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446 and *Brown & Williamson Tobacco Corp, v Williams*, 62 F.3d 408, 412-15 (D.C. Cir. 1995). This Subpoena has been submitted in the case of *Michael Grygo, et al., v. Guest Services*, 2017 CA 004246 B a matter pending in the Superior Court of the District of Columbia. In support of this Notice, the following facts are relied upon:

1. The United States Department of Justice ("DOJ") is in receipt of a subpoena addressed to: Melissa Golden "Lead Paralegal and FOIA Specialist, Office of Legal Counsel". The Subpoena for Melissa Golden, Lead Paralegal and FOIA Specialist is through the Superior Court for the District of Columbia, and requests her to appear and to be deposed

at a deposition, to take place on September 1, 2017, at 1919 M Street, NW – Suite 350, Washington DC 20036.

2. A copy of the subpoena is attached hereto as Exhibit A.

3. The Office of Legal Counsel, Civil Division is a component of the U.S. Department of Justice, which is an agency of the United States covered by 28 U.S.C. § 1442(a)(1). Thus, the Civil Action is properly before this Court.

4. The Plaintiff in the above captioned case seeks an alleged video of an ice skating incident that happened at the National Gallery of Art Sculpture Garden ice rink. Defendant DOJ has no knowledge of said incident and is not the appropriate government entity for the subpoena.

5. Federal executive agencies are immune from subpoena demands arising out of state-court actions. See *Houston Bus. Journal, Inc. v. Office of Comptroller of Currency*, 86 F3d 1208, 1212-13 (D.C. Cir 1996).

6. In serving the subpoenas, Counsel for the Plaintiff has failed to comply with Department of Justice's *Touhy* regulations which appear at 28 C.F.R. § 16.22, 16.24, and which advise the public of Department of Justice procedures regarding response to demands for testimony. Individuals requesting information or testimony from current or former Department of Justice employees in cases in which the United States is not a party must seek approval from the United States Attorney for the district where the issuing authority is located, and the United States Attorney (or his designee), in consultation with the official in charge of the component of the DOJ responsible for collecting the information sought (or her designee), must determine whether to grant approval for the disclosure of

information sought by subpoena for the production of any documents under the care of the Department of Justice.

7. Counsel for the Plaintiff has not provided a reasonable amount of time for the United States Attorney (or her high-level delegate) to determine whether granting permission for the requested employee to be deposed in this matter would not be contrary to an interest of the United States, which includes furthering a public interest of the Department and protecting the human and financial resources of the United States, nor has Counsel for the Plaintiff provided a reasonable amount of time for the United States Attorney to consult with the Agency Counsel of DOJ (or her designee), as the official in charge of the Unit responsible for granting permission for any employee of DOJ to be deposed in this manner.

8. The United States Department of Justice intends to move to quash the subpoena upon removal of this action based on applicable Federal law.

WHEREFORE, this subpoena matter is properly removed from the Superior Court of the District of Columbia to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446. The underlying proceeding is not being removed and remains pending in the Superior Court of the District of Columbia.

Dated: August 31, 2017

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar# 415793
United States Attorney

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

By: /s/ RHONDA L. CAMPBELL, D.C. Bar # 402462
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC  20530
202-252-2559
Rhonda.campbell@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that I caused a copy of the foregoing Notice of Removal of Subpoena to be served, on this 31at day of August, 2017, by first class mail to:

Amy S. Gurgle, Esquire
1919 M Street, NW – Suite 350
Washington, D.C. 20036

Christopher Dunn, Esquire
1455 Pennsylvania Avenue, NW #7
Washington, DC 20004

/s/ Rhonda L. Campbell, by Lois Chatoff
RHONDA L. CAMPBELL
Assistant United States Attorney

# Exhibit A

**SUBPOENA**

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001     Telephone (202) 879-1133

MICHAL GRYGO, et al.
_____
Plaintiff

**SUBPOENA IN A CIVIL CASE**

v.

GUEST SERVICES, INC.
_____
Defendant

**CASE NUMBER:** 2017 CA 004246 B

To: Melissa Golden, Lead Paralegal and FOIA Specialist
Office of Legal Counsel, Department of Justice
950 Pennsylvania Avenue, NW, Room 5511, Washington, DC 20530-0001

☐ **YOU ARE COMMANDED** to appear in this Court at the place, date, and time specified below to testify in the above case.

| COURTROOM | DATE | TIME |
|---|---|---|
|  |  |  |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE | TIME |
|---|---|---|
|  |  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Super. Ct. Civ. R. 30(b)(6)

☑ **YOU ARE COMMANDED** to produce and permit inspection copying of the following documents or objects at the place, date, and time specified below *(list documents or objects)*:

**DOCUMENTS OR OBJECTS**
Video involving a 4 year old child falling and another skater running over the child's fingers on November 28, 2015 at approximately 2:30 p.m. at the National Gallery of Art Sculpture Garden Ice Rink on the National Mall in Washington, D.C., located approximately between 3rd and 9th Streets along Constitution Avenue, N.W., including footage before the child fell to footage from after all parties left the area. Video from at least 1:30 p.m. to 4:30 p.m. is requested.

| PLACE OF PRODUCTION | DATE | TIME |
|---|---|---|
| 1919 M Street, NW, Suite 350, Washington, DC 20036 | September 1, 2017 | 10:00 a.m. |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE | TIME |
|---|---|---|
|  |  |  |

| ISSUING PERSON'S SIGNATURE AND TITLE (indicate if attorney for plaintiff or defendant) | DATE |
|---|---|
| [signature] Attorney for Plaintiff | August 3, 2017 |

**ISSUING PERSON'S NAME, ADDRESS AND PHONE NUMBER**
Amy S. Griggs, Esquire, 1919 M Street, NW, Suite 350, Washington, DC 20036 (202) 463-3030

(SEE SUPERIOR COURT RULE OF CIVIL PROCEDURE 45(c)-(d) ON REVERSE)

WHITE - FOR RETURN OF SERVICE          YELLOW - FOR SERVICE

Form CV-433/June 2012

1

Case Number: ___2017 CA 0⌣6 B___    Court Date: ___Initial Conference 09/22/17___

Authorization as required by D.C. Code § 14-307 and *Brown v. U.S.*, 567 A.2d 426 (D.C. 1989), is hereby given for issuance of a subpoena for medical records concerning a person who has not consented to disclosure of the records and has not waived the privilege relating to such records.

Judge Michael L. Rankin

**Judge To Whom Case is Assigned**

## PROOF OF SERVICE

| SERVED | DATE | TIME | PLACE |
|---|---|---|---|
| | | | |

### SERVED ON

| NAME | TITLE |
|---|---|
| | |

### MANNER OF SERVICE (attach return receipt if service was made by registered or certified mail)

I served the subpoena by delivering a copy to the named person as follows:

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the District of Columbia that I am at least 18 years of age and not a party to the above entitled cause and that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

**SUPERIOR COURT RULE OF CIVIL PROCEDURE 45(c)-(d)**
(c) Protection of persons subject to subpoenas.
   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
   (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
      (B) Subject to paragraph (d)(2) of this Rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the Court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
   (3)(A) On timely motion, the Court shall quash or modify the subpoena if it
      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 25 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this Rule, such a person may in order to attend trial be commanded to travel from any such place to the place of trial, or
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
      (iv) subjects a person to undue burden.
   (B) If a subpoena
      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 25 miles to attend trial, the Court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the Court may order appearance or production only upon specified conditions.
(d) Duties in responding to subpoena.
   (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
   (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Form CV-433/June 2012

2

**REGAN ZAMBRI LONG**
YOUR PARTNERS FOR JUSTICE

7016 1370 0001 3450 4804

CERTIFIED MAIL

X-RAYED
AUG 07 2017

DOJ MAILROOM

Melissa Golden
Lead Paralegal and FOIA Specialist
Office of Legal Counsel
Department of Justice
Room 5511, 950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

20530-0001

neopost
08.03.2017
US POSTAGE $06.56